# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHN ROBERT DEMOS,**
**# 0287455**,

       **Plaintiff,**

vs.                                                  Case No.: 4:08cv233-SPM/WCS

**UNITED STATES, et al.,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated in the State of Washington and proceeding *pro se*, has filed a "motion for declaratory ruling," but he has not filed a complaint. Doc. 1. He has also not paid the filing fee nor, appropriately, he has not filed an *in forma pauperis* motion. That is appropriate because Plaintiff is not entitled to *in forma pauperis* status.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

>  if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Indeed, judicial notice is taken of the fact that when Plaintiff attempted to file a case in this Court back in 2000, at that time he had filed at least twenty-six frivolous actions. I entered a report and recommendation in that case, 4:00cv370-WS/WCS, and attached an order from Judge Mathy of the United States District Court, Western District of Texas, San Antonio Division, which listed many of Plaintiff's cases dismissed under § 1915(e). Doc. 3, case 4:00cv370.

Plaintiff's status has not changed in the past eight years and he has more than three "strikes." Plaintiff's "motion for declaratory ruling" has been reviewed, doc. 1, and he does not allege he is in danger of serious physical injury in the future. Thus, his allegations do not bring him within the "imminent danger" exception to § 1915(g)'s bar. Because Plaintiff has had more than three prior dismissals and is not under imminent danger of serious physical injury, this case should be dismissed *sua sponte*. Should Plaintiff wish to re-file this case, he must simultaneously submit the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), and Plaintiff be

permitted to re-file his case upon the simultaneous payment of the full filing fee at the time of case initiation.

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2008.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**